[Civ. No. 33581.   Second Dist., Div. Four.   Oct. 22, 1969.]

DOOLEY'S HARDWARE MART, Plaintiff and Appellant, v. FOOD GIANT MARKETS, INC., et al., Defendants and Respondents.

## COUNSEL

Baird, Mooney & Baird and Woodrow W. Baird for Plaintiff and Appellant.

Tyre & Kamins, Richard J. Kamins, James N. Ries and Peter M. Appleton for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—This is an action against a retail food market and two of its employees for an injunction to prevent alleged violations of the California Unfair Practices Act (Bus. & Prof. Code §§ 17000-17101).[1] Judgment was entered for the defendants;[2] plaintiff has appealed; we reverse the judgment.

The present appeal, on the record before us,[3] presents only the single issue: Is the statutory presumption set forth in section 17071.5 of the Business and Professions Code constitutional?

The California Unfair Practices Act prohibits, inter alia, the sale of products below cost when the effect is to injure competitors or destroy competition.[4] The findings of the trial court were to the effect that

---

[1] All statutory citations are to the Business and Professions Code unless otherwise indicated.

[2] The defendants were Food Giant Markets and two of its store managers.

[3] The case was tried on the pleadings and on five written declarations; no oral testimony was taken.

[4] Section 17030 of the Business and Professions Code: " 'Loss leader' means any article or product sold at less than cost: (a) Where the purpose is to induce, promote or encourage the purchase of other merchandise; or (b) Where the effect is a tendency or capactity to mislead or deceive purchasers or prospective purchasers; or (c) Where the effect is to divert trade from or otherwise injure competitors."

Section 17043 of the Business and Professions Code: "It is unlawful for any person engaged in business within this State to sell any article or product at less than the cost thereof to such vendor, or to give away any article or product, for the purpose of injuring competitors or destroying competition."

Section 17044 of the Business and Professions Code: "It is unlawful for any person

defendants had advertised certain products—as to which the corporate defendant was in competition with plaintiff—below their cost to that defendant but on terms that limited the quantity purchasable by any one customer to an amount less than the entire supply of that product then owned or controlled by defendants. Plaintiff relied for proof of the wrongfulness of that conduct on the statutory presumption set forth in section 17071.5; the trial court ruled that that presumption was unconstitutional and that there was no other evidence sufficient to support the plaintiff's case. We conclude that the statutory presumption is valid and, therefore, that (since admittedly it is applicable) judgment should not have gone for defendants.

The section involved reads as follows: section 17071.5 "In all actions brought under this chapter proof of limitation of the quantity of any article or product sold or offered for sale to any one customer to a quantity less than the entire supply thereof owned or possessed by the seller or which he is otherwise authorized to sell at the place of such sale of offering for sale, together with proof that the price at which the article or product is so sold or offered for sale is in fact below its invoice or replacement cost, whichever is lower, raises a presumption of the purpose or intent to injure competitors or destroy competition. This section applies only to sales by persons conducting a retail business the principal part of which involves the resale to consumers of commodities purchased or acquired for that purpose, as distinguished from persons principally engaged in the sale to consumers of commodities of their own production or manufacture."

The briefs discussed other issues—namely: (1) Do sections 17030 and 17044 require a specific intent to injure a competitor?; (2) In order to be constitutional, must the statutory presumption set forth in section 17071.5 be based on a reasonable inference of fact?; (3) Is the presumption created by section 17071.5 one "affecting the burden of producing evidence" (Evid. Code, §§ 603 and 604) or is it one "affecting the burden of proof" (Evid. Code, §§ 605 and 606)?

We need not decide these issues on this appeal. Since we conclude that there is a reasonable relationship between the conduct involved and the fact presumed, it follows that section 17071.5 is constitutional. If that section is constitutional, plaintiff sustained whatever proof requirement that the law imposed on it, even if it is required to prove an intent to injure competitors or to destroy competition in an action founded on section 17030. Since the trial court, in effect, nonsuited plaintiff[5] and made no

---

engaged in business within this State to sell or use any article or product as a 'loss leader" as defined in Section 17030 of this chapter."

[5]The determinative finding was No. 12, reading as follows: "That no facts were herein adduced upon which the court could base a finding that defendants intended to injure competitors or plaintiff by such advertisements and offers of sale."

findings as to the effect of the defensive proof tendered by defendants in their declarations, we cannot, in this court and on this appeal, decide in the first instance whether or not they were sufficient to meet the duty imposed on defendants by either kind of presumption. As we have said above, the sole issue before us, on this record, is the constitutional validity of section 17071.5. If that section is constitutional, the trial court should have proceeded to weigh and consider defendants' attempted defense.

If a businessman offers to sell goods at a loss in order to rid himself of a stock of an article for which the market has disappeared—either because the article did not meet with customer approval or because it had become outdated, or for any similar reason—it is obvious that he will be both willing and anxious to sell as much of his stock to any customer as that customer will take. And, if he is forced to lower his price to meet an equally low price by a competitor, the exigencies of the market place will compel him to make his goods available to his customers as freely and as fully as does the competitor. But if he offers to sell at a loss in limited quantities only, it is reasonably inferable that he is not engaged in an attempt to clear his shelves of a white elephant nor (unless he can show that his competitor imposes a similar quantity limitation) that he is trying to meet the competition of a competitor. Thus, there is a sufficient rational connection between the limitation of quantity and any requisite evil intent to justify putting a defendant to his proof that he did, in fact, have an honorable intent.

The judgement is reversed.

Jefferson, Acting P. J., and Dunn, J., concurred.

The petition of respondent Food Giant Markets, Inc., for a hearing by the Supreme Court was denied December 17, 1969. Peters, J., was of the opinion that the petition should be granted.